IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ROBERT ANTHONY HUBBARD                                           PLAINTIFF

V.                                                                                                NO. 4:11CV083-P-S

WARDEN A. AL. SMITH, et. al                                     DEFENDANTS

REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff alleged a claims for excessive force and retaliation. Specifically, the plaintiff stated on September 5, 2009, that he witnessed defendant Williams recovered a cell phone from another inmate. Afterwards, Williams–believing he had confiscated the phone from the plaintiff–grabbed the plaintiff from behind placing him in a choke hold, yanking up on his neck and bending his spine backwards. The plaintiff complains that this resulted in non-specific injuries to his stomach, groin, throat and neck. Three days later, the plaintiff was taken to medical for evaluation. X-rays were performed and showed no abnormalities. Despite the result, the plaintiff maintained he was in pain. He was prescribed Ultram for his discomfort. The plaintiff stated he is still in pain and suffers from stiffness in his neck. The plaintiff also admitted that he had a preexisting back injury from a prior altercation.

As for his retaliation claim, the plaintiff stated that Warden smith threatened to prosecute him for possessing a cell phone if he continued to seek relief arising out of the above excessive force claim. For relief, the plaintiff is seeking compensatory and punitive damages.

NO PERSONAL INVOLVEMENT

At the *Spears* hearing, the plaintiff made no allegations against defendant Edwards. It is well settled that a state actor cannot be liable absent any personal involvement in the events

which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). Absent the requisite personal involvement, the plaintiff has failed to state a claim against defendant Edwards and he should be dismissed.

## VERBAL THREATS

At the *Spears* hearing, the plaintiff essentially admitted that defendant Lt. H. Smith was being sued because he, Lt. H. Smith, used profanity towards the plaintiff. A claim for damages is barred if no physical injury is alleged. *Jones v. Greniger*, 188 F.3d 322, 326 (5th Cir. 1999). It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983. *See Calhoun v. Hargrove,* 312 F.3d 730, 734 (5th Cir. 2002); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993), *Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Accordingly, Plaintiff's complaint concerning verbal threats or unprofessional conduct by a defendant Lt. H. Smith is not worthy of § 1983 relief. *See Taylor v. Milton*, No. 04-60569, 2005 WL 352637 at * 1, (5th Cir. Feb. 15, 2005) (no 1983 claim for damages where guards confiscated legal work at gunpoint, where prisoner did not allege a physical injury). Defendant Lt. H. Smith should be dismissed.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that defendants Edwards and Lt. H. Smith be dismissed for the plaintiff's failure to state a claim. Process shall issue for the remaining defendants.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the

district court.  *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date.  The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 26TH day of August, 2011.

                                         /s/ David Sanders
                                         UNITED STATES MAGISTRATE JUDGE